```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                            CRIMINAL ACTION NO. 2:05-00026

**CHARLES HALL**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER</u>

On January 25, 2007, the United States of America appeared by R. Booth Goodwin, II, Assistant United States Attorney, and the defendant, Charles Hall, appeared in person and by his counsel, Lex A. Coleman, for a hearing on the petition on supervised release submitted by United States Probation Officer Teresa L. Eggerud, the defendant having commenced a three-year term of supervised release in this action on June 2, 2006, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 17, 2005.

The court heard the admissions of the defendant, the representations and argument of counsel and considered the Stipulation and Agreement Regarding Supervised Release Violations, filed on January 25, 2007.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant, on September 10, 2006, possessed with intent to distribute approximately 7.5 grams of cocaine as evidenced by the defendant's admission on the record of the hearing and the above-referenced stipulation; and (2) that the defendant used and possessed cocaine on September 6, 2006, as evidenced by a positive urine screen submitted by him on that date and the defendant's admission on the record of the hearing; all as set forth in the petition on supervised release and the above-referenced stipulation of the parties.

And the court finding, as more fully set forth on the record of the hearing that, in view of the mandatory revocation requirements of 18 U.S.C. § 3583(g)(1), and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

**And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if he is confined, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE MONTHS AND ONE DAY to be followed by a term of TWENTY-FOUR MONTHS LESS ONE DAY supervised release, upon the sixteen standard conditions of supervised release in effect in this district and the further condition that the defendant not commit another federal, state or local crime and the special condition that he participate in the six-month residential PARCER program as soon as he can gain admission and participate in the after-care program.**

**The defendant was remanded to the custody of the United States Marshal.**

**Recommendation**:  The court recommends that the defendant be designated to an institution where the 40-hour Drug Treatment Program can be made available to him.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: January 31, 2007

_____
John T. Copenhaver, Jr.
United States District Judge